STATE of Utah, Plaintiff and Respondent,

v.

Michael David EGBERT, Defendant and Appellant.

No. 19699.

Supreme Court of Utah.

Sept. 28, 1987.

Rehearing Denied Jan. 20, 1988.

Curtis C. Nesset, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant pleaded guilty to six criminal charges: first degree rape, second degree rape, aggravated burglary, forcible sodomy, and two counts of aggravated sexual assault. The trial court was required to impose minimum mandatory prison terms for the aggravated sexual assault convictions under Utah Code Ann. § 76–5–405(2) (Supp.1983) (amended 1986). Prior to sentencing, defendant challenged the constitutionality of the minimum mandatory sentencing provisions. The trial court denied defendant's motions and imposed a fifteen-year minimum mandatory sentence for

each count of aggravated sexual assault and indeterminate sentences for each of the six charges, all terms to run concurrently. Defendant appeals from the mandatory sentences.

Defendant was originally charged with twenty-two criminal offenses. In exchange for the dismissal of all other charges, he pleaded guilty to the offenses described in the preceding paragraph. No facts beyond the names of the victims, the dates of the alleged offenses, and the statutory definitions of the alleged offenses are discernible from the record. Defendant submitted to the trial court a statement of apology and two letters indicating his need for and amenability to treatment. This was the only evidence submitted to that court regarding aggravation or mitigation. The trial court did not explain at length the factors entering into its sentencing decision, although the judge made the following comments at the sentencing hearing: "I have gone over the letter that [defendant] submitted as to these offenses ... and there are five rape cases, forcible rapes. Under any standard I think the maximum should apply in this case, and I am taking that into consideration...."

■ Defendant argues that the minimum mandatory sentencing scheme under which he was sentenced violates equal protection principles, constitutes cruel and unusual punishment, and runs afoul of Utah's constitutional separation of powers doctrine. He also contends that the statutory scheme is unconstitutionally vague. The issues raised by defendant's first three arguments have been resolved in favor of plaintiff by our decision in *State v. Bishop*,[1] in which we upheld Utah Code Ann.

§ 76–5–403.1(2) (Supp.1987) (minimum mandatory sentencing required upon conviction of sodomy on a child). We therefore do not treat those arguments further.[2] We have not yet, however, analyzed the minimum mandatory sentencing scheme in terms of a challenge for vagueness.[3]

■ "It is a fundamental tenet of due process that '[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.'"[4] This principle is applicable to sentencing as well as substantive provisions of criminal statutes.[5] In *United States v. Batchelder*,[6] the United States Supreme Court pointed out that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."[7]

Any vagueness to be found in subsection 76–5–405(2), which provides for sentences of five, ten, or fifteen years and which may be for life, is dispelled by the implementing language of Utah Code Ann. § 76–3–201(5) (Supp.1983) (amended 1984, 1986 & 1987), which plainly mandates imposition of the sentence of middle severity unless there are circumstances in aggravation or mitigation of the crime. It is also plain from that statute that imposition of the sentence of highest severity is dependent upon a determination of the existence of aggravating circumstances, while imposition of the sentence of lowest severity is dependent upon a determination of the existence of mitigating circumstances.

There is nothing equivocal about the provisions of section 76–5–405. The commission of a prohibited sexual act that is ac-

---

1. 717 P.2d 261 (Utah 1986).

2. For analytical purposes, sentencing under Utah Code Ann. § 76–5–405(2) (Supp.1983) (amended 1986) and Utah Code Ann. § 76–5–403.1(2) (Supp.1987) is identical except for the length of the minimum mandatory terms.

3. Defendant has relied only on federal constitutional principles in his analysis of the vagueness question. Therefore, our analysis treats only federal law. *See State v. Earl*, 716 P.2d 803, 805 (Utah 1986).

4. *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203–04, 60 L.Ed.2d 755 (1979) (quoting *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939)).

5. *See id.*

6. 442 U.S. 114, 99 S.Ct. 2198.

7. *Id.* at 123, 99 S.Ct. at 2203–04 (citations omitted).

companied by an aggravating circumstance of bodily injury, use of or threat with a deadly weapon, or threat of kidnapping, death, or serious bodily injury is punishable by imprisonment for a minimum mandatory term of five, ten, or fifteen years. Upon conviction, subsection 76–3–201(5) comes into play, and it is likewise couched in unequivocal language. It *mandates* "imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime." Thus, it is clear that although a listed aggravating circumstance is an essential element of the crime of aggravated sexual assault, one convicted of that crime nevertheless cannot be sentenced to a mandatory term greater than that of middle severity in the absence of additional aggravating circumstances.

In this case, the evidence offered in mitigation was meager. It consisted of a statement of apology for defendant's actions and two letters indicating his need for and amenability to treatment for his behavior. In contrast, the existence of additional aggravating circumstances was significant.

■ The record reflects that the trial judge duly considered the aggravating and mitigating circumstances. At the time of sentencing, he stated his reasons for imposing concurrent sentences of highest severity as follows: "I have gone over the letter that [defendant] submitted as to these offenses … and there are five rape cases, forcible rapes. Under any standard, I think the maximum should apply in this case, and I am taking that into consideration…." He thus did not abuse the discretion in sentencing afforded by the statutes.

The decision the statute required the trial court to make in imposing one of three alternative mandatory sentences did not differ from other decisions made daily on whether to impose indeterminate sentences, to suspend sentences, or to place offenders on probation.

The judgment and sentence of the trial court are affirmed.

STEWART, Associate C.J., and HOWE, J., concur.

DURHAM, Justice (dissenting).

The majority opinion accurately describes the federal due process standards applicable to a challenge for vagueness.[1] I disagree with the conclusion that the statute in question meets those standards.

Utah Code Ann. § 76–3–201 (Supp.1983) sets forth the only guidance the legislature has provided for determining which of three possible mandatory terms (five, ten, or fifteen years) should be imposed on a defendant convicted of aggravated sexual assault. It says:

(5) If a statute under which the defendant was convicted mandates that one of three stated minimum terms must be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime. Prior to or at the time of sentencing, either party may submit a statement identifying circumstances in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts. If the statement is in writing, it shall be filed with the court and served on the opposing party at least four days prior to the time set for sentencing. In determining whether there are circumstances that justify imposition of the highest or lowest term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to section 76–3–404, and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing.

(6) The court shall set forth on the record the facts supporting and reasons for imposing the upper or lower term.

(7) The court in determining a just sentence shall be guided by sentencing rules regarding aggravation and mitigation promulgated by the Utah Judicial Council.

---

1. The defendant in this case relies only on federal constitutional principles.

....[2]

(9) The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant as part of the sentence that if the defendant is released from prison, he or she may nonetheless be on parole for a period of ten years.

(10) If during the commission of a crime described as child kidnapping, rape of a child, or sexual abuse of a child, the actor causes substantial bodily injury to the child, and if the charge is set forth in the information or indictment and admitted by the actor, or found true by a judge or jury at trial, the actor shall, notwithstanding any other provision of law, be sentenced to the aggravated mandatory term in state prison.

The issue is whether the statute adequately defines the penalties applicable to aggravated sexual assault.

The statute defining the crime of which this defendant was convicted says that "[a]ggravated sexual assault is a felony of the first degree punishable by imprisonment in the state prison for a term which is a minimum mandatory term of 5, 10, or 15 years and which may be for life." Utah Code Ann. § 76–5–405 (Supp.1983). The statute provides no further direction for determining which of the three minimum terms should be imposed, with the exception of Utah Code Ann. § 76–3–201(5), which requires the imposition of the term of middle severity "unless there are circumstances in aggravation or mitigation." Even that exception is singularly unhelpful to the sentencing judge, however, because the crime of aggravated sexual assault *always* requires proof of an aggravating circumstance. Therefore, although the definitional portion of the statute purports to make the term of middle severity available for the crime of aggravated sexual assault, subsection 76–3–201(5) appears to make it unavailable. It is likely that the legislature intended that the court rely, in determining the sentence, upon an aggravating factor

different from the one that made the assault itself an aggravated one, but such an intent is impossible to discern from the statutory language. These two provisions are incapable of being logically construed together, and the statute is therefore ambiguous on its face regarding the intended penalty for aggravated sexual assault.

In addition to the inconsistency referred to above, the statute is ambiguous in other ways. It does not tell the sentencing judge what the legislature intended the mandatory sentence to be when there are *both* aggravating and mitigating circumstances, rather than none. This is an example of such a case; the violence and number of the crimes would certainly qualify as aggravating circumstances, but the only evidence offered at the sentencing hearing was of circumstances in mitigation. We may not look to the statute to understand which of the three mandatory sentences was intended in such circumstances, for no guidance is provided.

The State argues that we may make sense of this sentencing statute by looking under its direction to the "sentencing rules regarding aggravation and mitigation" promulgated by the Judicial Council. Those "rules," however, do not eliminate the ambiguity in the penalty provisions of this statute. At the time this defendant was sentenced, the only "rules" available from the Judicial Council were lists of the types of aggravating and mitigating circumstances that should properly be considered by trial judges in indeterminate sentence decisions. Those lists were published with the instruction to trial judges that the factors in aggravation and mitigation should be used in deciding whether to follow or depart from sentencing recommendations also developed and promulgated by the Council. The sentencing recommendations were contained in a "disposition matrix" which compared a defendant's "criminal history assessment" score with the degree of the offense of which he had

**2.** Subsection (8) provides for a resentencing within 120 days of commitment upon motion of the Court or upon recommendation of the Board of Pardons. It does not allow, however, for a sentence other than as prescribed by law. Thus there still must be a minimum mandatory sentence for a crime such as aggravated sexual assault.

been convicted. See Appendix I. The criminal history assessment score was based on factors related to ability to function in the community and risk of recidivism, and the degree of the offense, of course, was taken from the statute. These recommendations obviously were intended to assist sentencing judges in deciding whether or not to incarcerate; they have no relevance where incarceration is mandatory. Furthermore, because the legislature has failed to provide a statutory distinction (as opposed to a sentencing judgment) between a five-year minimum and a fifteen-year minimum aggravated assault, the Council's general disposition matrix for indeterminate sentencing is unusable in the context of the mandatory sentencing system.

Since the recommended disposition matrix has no relevance to sentencing in the context of minimum mandatory terms, sentencing judges are left with nothing but the lists of aggravating and mitigating circumstances standing alone. See Appendix II. And those lists, as I have pointed out, were designed to be used as justification for *departing from* dispositional recommendations also developed by the Judicial Council within the framework of indeterminate sentencing options provided by the legislature. In the case of the minimum mandatory sentencing system, the legislature has not identified (except for the case with *no* factors in aggravation or mitigation) the conduct which requires, respectively, minimum terms of five years, ten years, or fifteen years. Thus, the Judicial Council has not developed any dispositional principles which tell trial judges generally when five, ten, or fifteen years is appropriate. See Appendix III. Given the absence of a legislative determination of what acts merit each of the penalties, and given the irrelevance of the traditional criminal history assessment process, it seems unlikely the Judicial Council could ever do so with any objective legitimacy.

In addition to the foregoing, I am not convinced that the Judicial Council has the constitutional power to promulgate sentencing rules which would in effect decide what the penalty should be for aggravated sexual assault. While I see no problem in the Council's promulgating nonbinding guidelines which can be helpful to trial judges by requiring them to identify, consider carefully, and articulate the factors in an individual case which cause them to follow or depart from the guidelines, the legislature has attempted to impose on the Council a very different function in the case of minimum mandatory sentences. The legislature has in effect asked the Judicial Council to be responsible for setting criminal penalties.

The Utah Judicial Council is a creation of article VIII, section 12 of the Utah Constitution. The entirety of its scope of authority is set forth in the following language: "A Judicial Council is established, which shall adopt rules for the administration of the courts of the state." The development of nonbinding guidelines for improving the uniformity and fairness of sentencing practices appears to be consistent with the constitutional grant of authority. Deciding when persons convicted of the same offense should receive one of three different minimum mandatory terms, however, does not by any stretch of the imagination involve the "administration of the courts."

I conclude that it is impossible to determine from the statute which of the three available minimum sentences the legislature intended the courts to apply to these crimes. The statute is therefore vague on its face. Furthermore, the legislature has attempted to require the Judicial Council to do that which it may not constitutionally do, namely, to provide the specificity regarding penalties which the statute lacks. We have, however, held in *State v. Bishop*, 717 P.2d 261 (Utah 1986), that the legislature has the power to impose minimum mandatory sentences in general. I believe that the statute is clear in expressing a legislative intent to impose *at least* the minimum term described on persons convicted of aggravated assault.[3] Therefore,

---

3. It is well established that ambiguities in criminal statutes must be resolved in favor of lenity;

therefore, we may not look to either of the two harsher options in this statute. *See, e.g.,*

the portion of the statute setting forth the lowest possible mandatory term is sufficiently definite to notify sentencing judges of the penalty applicable to the crime. Likewise, the lowest mandatory term provision does not rely for its construction or enforcement upon an unconstitutional enlargement of the powers of the Judicial Council. I believe that portion of the statute is therefore valid.

ZIMMERMAN, Justice (dissenting):

I join Justice Durham in concluding that the three-tier mandatory sentencing provisions of section 76–5–405 are unconstitutionally vague. I write separately, however, because I do not join in her suggestion that the Judicial Council could not constitutionally promulgate rules that trial judges could use in deciding which sentences to impose. This is an issue I would leave for another day.

Utah has long adhered to an indeterminate sentencing philosophy. Under this scheme, the trial judge has no discretion in fixing the term of imprisonment. He or she simply imposes the statutorily prescribed sentence of a range of years, and the board of pardons determines exactly how long the prisoner is to be confined. *See* Utah Code Ann. §§ 76–3–203 to –204 (1978 & Supp.1987); Utah Code Ann. § 77–27–5 (Supp.1987). The fact that this has been the prevailing philosophy in Utah, however, does not mean that indeterminate sentencing is constitutionally mandated. There is nothing inherently suspect about a judge exercising broad discretion to determine the exact number of years a convict must spend in prison. In several states and in the federal courts, trial judges are given the power, in certain types of cases, to fix the number of years a defendant is to serve. *See, e.g.,* 18 U.S.C. § 4205(b) (1982); Cal. Penal Code §§ 1170.1 to .95 (West 1985 & Supp.1987); Colo.Rev.Stat. § 16–11–101 (1986); N.C. Gen.Stat. §§ 14–1.1, –2, –3 (1986). Vesting such discretion in trial judges has not been found to deny defendants any constitutional rights. *Cf. Geraghty v. U.S. Parole Commission,* 719

*Simpson v. United States,* 435 U.S. 6, 14–15, 98

F.2d 1199, 1211 (3d Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 133 (1984); *United States v. Davis,* 560 F.2d 144 (3d Cir.1977), *cert. denied,* 434 U.S. 839, 98 S.Ct. 133, 54 L.Ed.2d 102 (1977).

The majority agrees that a trial judge may be granted broad discretion in sentencing. However, it then relies on that fact to argue that trial courts have ample expertise to exercise the discretion given them under section 76–5–405 and to select from among the three sentences prescribed. In my view, this argument misses the point. Although the legislature could constitutionally confer unfettered discretion on trial courts to choose among the various sentences specified in section 76–5–405, there is absolutely no evidence that it intended to do so. In fact, there is abundant evidence that the legislature contemplated and attempted to assure some measure of uniformity in proportionality of sentences imposed on those convicted of crimes involving sexual abuse of children. Considering that the sentences available under the statute are very severe and depart from the indeterminate sentencing philosophy that prevails throughout our criminal system, the legislature's aim is laudable. However, I agree with Justice Durham that the resulting statute is too unclear to accomplish its purpose.

That the legislature intended to limit judges' sentencing discretion seems plain. Subpart (7) of section 76–3–201 provides that "[t]he court in determining a just sentence *shall* be guided by sentencing rules regarding aggravation and mitigation promulgated by the Utah Judicial Council." Utah Code Ann. § 76–3–201(7) (Supp.1983) (emphasis added) (current version at Utah Code Ann. § 76–3–201(5)(e) (Supp.1987)). The legislature did not ask the Council to act, but apparently assumed that the Council had or would promulgate guidelines specifically addressing this issue. The legislature's expectations concerning the guidelines can be gleaned from subpart (8) of section 76–3–201. That subpart permits resentencing under certain circumstances,

and it specifically provides that any such resentencing "shall comply with the sentencing rules of the Utah Judicial Council *so as to eliminate disparity of sentences and to promote uniformity of sentencing.*" Utah Code Ann. § 76–3–201(8) (Supp.1983) (emphasis added) (current version at Utah Code Ann. § 76–3–201(6)(a) (Supp.1987)).

As Justice Durham notes, the Judicial Council's existing guidelines have little bearing on the issues presented by section 76–3–201. The statutory scheme is therefore hopelessly incomplete. As a result, judges are effectively precluded from exercising their sentencing discretion as the legislature intended. The majority would save this statute by ignoring the intention of the legislature and treating it as an enactment designed to give plenary sentencing discretion to the trial courts. I disagree. The legislature had a better idea, but it failed in the execution. And absent discernible sentencing criteria, there appears to be no sensible alternative to restricting sentences to the mandatory minimum, as Justice Durham suggests. I cannot agree with her, however, that under no circumstance could the Judicial Council promulgate guidelines that trial judges could use in balancing mitigating and aggravating circumstances. We must await such guidelines before passing on such a delicate constitutional issue.

APPENDIX I

Form 3

# CRIMINAL HISTORY ASSESSMENT

| | | | |
|---|---|---|---|
| **PRIOR FELONY CONVICTION**<br>(SEPARATE CRIMINAL INCIDENTS) | 0<br>2<br>4<br>6<br>8 | NONE<br>ONE ———<br>TWO<br>THREE<br>MORE THAN THREE | SUBTRACT 1 POINT FOR EACH CONSE-<br>CUTIVE YEAR OF ARREST-FREE STREET<br>TIME SINCE LAST ARRESTED.<br>REDUCTION LTD. TO 1/2 OF TOTAL. |

NUMBER OF YEARS: .

| | | | |
|---|---|---|---|
| **PRIOR MISD. CONVICTIONS**<br>(SEPARATE CRIMINAL INCIDENTS)<br>(INCLUDES DUI & RECKLESS)<br>(EXCLUDES OTHER TRAFFIC) | 0<br>1<br>2<br>3<br>4 | NONE<br>ONE ———<br>TWO TO FOUR<br>FIVE TO SEVEN<br>MORE THAN SEVEN | ★★★★★★★★★★★★★★★★★★★★★★<br>FINAL PLACEMENT SCORE:<br>★★★★★★★★★★★★★★★★★★★★★★ |

| | | | | | |
|---|---|---|---|---|---|
| **PRIOR JUVENILE REFERRALS**<br>(FINDINGS OF DELINQUENT FOR<br>INCIDENTS THAT WOULD HAVE BEEN<br>FELONIES IF COMMITTED BY AN ADULT)<br>[3 NON-STATUS MISD. = 1 FELONY] | 0<br>1<br>2<br>3<br>4 | NONE<br>ONE ———<br>TWO TO FOUR<br>MORE THAN FOUR<br>SECURE PLACEMENT | CRIMINAL | HISTORY | CATEGORY |

| | | | | | |
|---|---|---|---|---|---|
| **SUPERVISION HISTORY**<br>(ADULT OR JUVENILE) | 0<br>1<br>2<br>3<br>4 | NO PRIOR SUPERVISION<br>PRIOR SUPERVISION<br>PRIOR RESIDENTIAL PLACEMENT<br>PRIOR REVOCATION<br>CURRENT SUPERVISION OR<br>PRE-TRIAL RELEASE | POOR<br>FAIR<br>MODERATE<br>GOOD<br>EXCELLENT | 16 – 28<br>12 – 15<br>8 – 11<br>4 – 7<br>0 – 3 | |

| | | | |
|---|---|---|---|
| **SUPERVISION RISK**<br>(ADULT OR JUVENILE) | 0<br>1<br>2<br>3<br>4 | NO ESCAPES OR ABSCONDINGS<br>FAILURE TO REPORT (ACTIVE OFF.)<br>ABSCONDED FROM SUPERVISION<br>ABSCONDED FROM RESIDENTIAL PROG.<br>ESCAPED FROM CONFINEMENT | PLEASE CIRCLE THE<br>CORRECT CATEGORY |

| | | | |
|---|---|---|---|
| **WEAPONS ENHANCEMENT**<br>(ACTIVE OFFENSE) | 0<br>2<br>3<br>4 | NONE  (NOTE: 2nd FIREARMS CONVICTION REQUIRES<br>OTHER  MANDATORY 5 – 10 YEAR CONSECUTIVE SENTENCE)<br>KNIFE<br>FIREARM OR EXPLOSIVE | |

**TOTAL PLACEMENT SCORE:** _____

# GENERAL DISPOSITION MATRIX

DRUG DISTRIBUTION OF OVER $500 & RESIDENTIAL BURGLARY SHOULD BE CONSIDERED "PERSON" CRIMES

9

Reproduced from "Utah Sentence and Release Guidelines," Utah Commission on Criminal and Juvenile Justice (1985).

APPENDIX II

Form 2

# Aggravating and Mitigating Circumstances Associated With Mandatory Sentences Required by H.B. 209

House Bill 209 passed by the 1983 Legislature established "mandatory sentences" for those convicted of certain crimes. Probation is only a possibility in these cases if the victim is over 5 years of age and there is a familial relationship between the offender and the victim and if twelve specified mitigating conditions can be established. The twelve required conditions can be found in Utah Code Annotated 76-5-4065. If these conditions do not exist, then the offender must be sentenced to the Utah State Prison.

The length of the mandatory sentence is either ten years or six years depending on the specific crime of conviction (see Form 1). If aggravating circumstances exist then the basic mandatory term should be increased to 15 years or 9 years, again dependent on the crime of conviction. Similarly, if mitigating circumstances exist, the basic mandatory term should be reduced to 5 years or 3 years. The responsibility to weigh aggravating and mitigating circumstances in each case rests with the individual judge.

The presentence investigator should circle the number of any aggravating or mitigating circumstance that merits consideration by the Judge and the Page Number of the Presentence Report where the circumstance is discussed.

### Aggravating Circumstances

The following aggravating circumstances should only be considered if they are not inherent in the definition of the charged offense.

PSI Page
____ 1. The victim suffered substantial bodily injury.
____ 2. The offender has an extensive prior history of such offenses. Extensive history could be dependent on number of victims, length of involvement, number of incidents, or continued involvement subsequent to arrest.
____ 3. The offense was characterized by extreme cruelty or depravity.
____ 4. The victim was unusually vulnerable.
____ 5. There existed a non-familial relationship of trust.

### Mitigating Circumstances

____ 1. The offense represents a single incident with the offender having no prior history of such offenses.
____ 2. The offender was exceptionally cooperative with law enforcement.
____ 3. Incest offender has strong, supportive family relationships.
____ 4. Offender is a good candidate for a recognized treatment program. Substance abuse treatment may be appropriate if the offense was specifically substance related.
____ 5. Developmental disabilities of the offender may be considered in mitigation if highly structured alternatives can be utilized to control the offenders' criminal behavior.

8

Reproduced from "Utah Sentence and Release Guidelines," Utah Commission on Criminal and Juvenile Justice (1985).

APPENDIX III

Form 1

# MANDATORY MATRICES

### DRIVING UNDER THE INFLUENCE

MANDATORY ADDITIONS TO SENTENCE

| | 2-6 MONTHS JAIL $299 FINE OR BOTH 12 MONTH & $1000 MAX. IF OTHERS ARE INJURED | |
|---|---|---|
| 1ST VIOLATION | | $100 RESTITUTION<br><br>2-10 DAYS IN JAIL OR COMMUNITY SERVICE |
| 2ND VIOLATION WITHIN 5 YEARS | | $100 RESTITUTION<br><br>2-10 DAYS IN JAIL OR 10-30 DAYS COMM.SERVICE |
| 3RD VIOLATION WITHIN 5 YEARS OF 2ND VIOLATION | | $100 RESTITUTION<br><br>30-90 DAYS IN JAIL OR COMMUNITY SERVICE |

### PORNOGRAPHY

$500 MINIMUM FINE

AND

30 DAYS IN JAIL...W/O EXCEPTION

### MANDATORY SENTENCES (HB 209)

CHILD RAPE & ATTEMPTS
CHILD OBJECT RAPE & ATTEMPTS
CHILD KIDNAPPING
CHILD SODOMY
AGG. SEX ASSAULT

| ADD 3 YEARS FOR EACH PRIOR CONVICTION FOR THESE CRIMES (LIFE, IF MORE THAN 2) | AGG. KDNPG. | AGG. SEX ABUSE OF A CHILD* | |
|---|---|---|---|
| | 15 YEARS | 9 YEARS | SUBSTANTIAL BODILY INJURY OR AGGRAVATING CIRCUMSTANCES |
| | Prison | | |
| | 10 YEARS | 6 YEARS | NO AGGRAVATING OR MITIGATING CIRCUMSTANCES |
| | 5 YEARS | 3 YEARS | MITIGATING CIRCUMSTANCES |
| | Probation | | SEE U.C.A. 76-5-706.5 |

*SEX ABUSE OF A CHILD IS A 2nd DEGREE FELONY (1-15 YRS)

7

Reproduced from "Utah Sentence and Release Guidelines,". Utah Commission on Criminal and Juvenile Justice (1985).