STATE of Utah, Plaintiff and Appellee,

v.

Woodrow Willy JOHN, Defendant and Appellant.

No. 870209.

Supreme Court of Utah.

March 8, 1989.

Rehearing Denied March 28, 1989.

Elizabeth A. Bowman, Joan C. Watt, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Barbara Bearnson, Salt Lake City, for plaintiff and appellee.

HOWE, Associate Chief Justice:

Defendant Woodrow Willy John appeals from his conviction of aggravated sexual assault, a first degree felony, in violation of Utah Code Ann. § 76–5–405 (1978, Supp. 1988).

The victim, a forty-four-year-old woman, was moving out of her condominium in Salt Lake City, Utah. As she stood and reached into the back seat of her two-door car, which was parked in the street, she was struck on her back with what she testified felt like a blunt instrument. Her assailant said, "I have a knife," although the victim did not see one, nor did the assailant make any specific threat to use a knife. She was propelled across the car and ended up in a twisted position on the floor. Due in part to a recent back injury, she was in excruciating pain. As she attempted to move from the floor onto the back seat, her assailant climbed into the back seat and closed the door. The victim struggled, but because of the great disparity in strength, her struggling was useless, and the assailant forced sexual intercourse after hitting her, covering her mouth with his hand, and telling her to "shut up." He afterward told the victim that he was sorry and threatened to harm her if she informed the police. The victim called the police and was interviewed by officers and by a rape crisis worker at a hospital.

The area where the assault took place was well-lighted by street lamps. The victim later identified defendant during a lineup as her assailant and testified at trial that there was no doubt in her mind that it was he who had assaulted her.

The jury returned a verdict of guilty to the charge of aggravated sexual assault. Because of defendant's conviction of two prior sex crimes, his release on parole three months prior to this incident, and significant questions as to whether he was amenable to treatment, all aggravating factors beyond those required for a verdict of guilty, the court sentenced him to a mandatory minimum prison term of fifteen years but which may be for life.

■ Defendant contends that the information and instruction No. 21 given the jury denied him a fair trial because they erroneously stated one requisite element of the crime. He made no objections, however, to the information or to that instruction in the trial court. As this Court has held, failure to object at trial to alleged defects in the information constitutes waiver of the opportunity to challenge its contents on appeal, although the court may grant relief from such waiver for cause shown. *State v. Lairby*, 699 P.2d 1187, 1192 (Utah 1984), *overruled on other grounds, State v. Ossana*, 739 P.2d 628, 631 (Utah 1987); Utah R.Crim.P. 12(b)(1), (d). The record does not reveal any cause for relief from waiver. Similarly, as to the alleged error in the instructions, failure to object at trial precludes a challenge on appeal unless necessary to prevent manifest injustice. Utah R.Crim.P. 19(c); Utah Code Ann. § 77–35–19(c) (1982); *State v. Malmrose*, 649 P.2d 56, 61 (Utah 1982).

However, even if we were to look beyond defendant's failure to object, there was no "manifest injustice." His argument in this regard is that the statute under which he was convicted, section 76–5–405, provides:

(1) A person commits aggravated sexual assault if in the course of a rape. . . .

. . . .

(b) the actor uses or threatens the victim *by use of* a deadly or dangerous weapon. . . .

(Emphasis added.) However, the information charging him stated only that he "used or threatened the use" of a deadly or dan-

gerous weapon. Instruction No. 21 allowed the jury to convict if it found that he "compelled or threatened the victim to submit to rape by use of a weapon or threat of same." The thrust of defendant's argument is that the statute requires that any threat must be made *by use of* a weapon and that the threat cannot be simply *to use* a weapon.

Assuming but not deciding that defendant's interpretation of the statute is correct, the victim testified that she thought she was hit with the butt of a knife and that defendant told her that he had a knife. Thus there is evidence that he did indeed threaten her *by use of* a knife. The blow with the butt of the knife was to force submission. Furthermore, there could have been no prejudice to defendant in this respect because the jury was instructed that it could convict him under subsection (c) of section 76-5-405(1) (1978, Supp.1988), which permits conviction when the actor compels or attempts to compel the victim to submit to rape by threat of kidnapping, death, or serious bodily injury to be inflicted imminently on any person. Despite defendant's contention to the contrary, there was evidence that the victim was compelled to submit by threat of death or serious bodily injury. In *State v. Anselmo*, 558 P.2d 1325, 1327 (Utah 1977), we stated that even though the defendant did not explicitly state his intention to kill or seriously injure the victim, such an oral statement is not necessary to constitute a threat when the threat is made manifest by acts or conduct. In the instant case, according to the victim's testimony, defendant told her that he had a knife after he struck her on the back with what she perceived to be the butt of a knife. He hit her repeatedly and held his hand over her mouth to quell her screams. There was no purpose in his telling her that he had a knife other than to threaten to use it on her, which unquestionably would have caused serious bodily injury. This case is distinguishable from *State v. Suniville*, 741 P.2d 961, 965 (Utah 1987), relied upon by defendant, where the assailant said that he had a gun but did not display it and the victim saw only a bulge in his pocket.

Here, the victim was the recipient of a blow from a knife or other blunt instrument capable of causing her serious bodily injury.

Lastly, defendant contends that the minimum mandatory sentencing scheme contained in Utah Code Ann. § 76-3-201(5)(a) (1978, Supp.1988) violates article 1, section 24 of the Utah Constitution in that the sentencing scheme denies him equal protection of the law. He argues that the statute fails to give adequate guidance to trial judges in sentencing when both aggravating and mitigating circumstances are presented. He asserts that consequently the sentencing scheme cannot be applied evenly by judges, to all persons convicted of the same crime. In a closely related argument, defendant contends that the sentencing scheme is void for vagueness under article 1, section 7 of the Utah Constitution, guaranteeing that no person shall be deprived of his liberty without due process of law. He argues that there is no protection for a defendant against arbitrary sentencing because the sentencing scheme does not contain adequate guidelines as to when a 5-, 10-, or 15-year sentence should be imposed.

We have considered constitutional challenges to the minimum mandatory sentencing scheme in several cases in recent years, beginning with *State v. Bishop*, 717 P.2d 261 (Utah 1986), and followed by *State v. Egbert*, 748 P.2d 558 (Utah 1987), *State v. Gentry*, 747 P.2d 1032 (Utah 1987), *State v. Bell*, 754 P.2d 55 (Utah 1988), and *State v. Copeland*, 765 P.2d 1266 (Utah 1988). In those cases as in the instant case, challenges were made either on equal protection or vagueness grounds or on both. In each instance, we sustained the constitutionality of the sentencing scheme but did not always indicate if our decision rested on federal or state constitutional provisions or on both.

In *State v. Bell*, the defendant raised issues as to the procedures to be employed in a sentencing hearing, very similar to the questions now posed by the defendant in the instant case. The analysis which we made in that decision and the

conclusion which was reached fully answer all of the arguments which defendant now raises here. We did not specifically indicate whether our decision rested on federal or state constitutional provisions or on both. As we have frequently pointed out, we are free to give protections contained in the Utah Constitution broader interpretation than that given to corresponding provisions in the United States Constitution by the United States Supreme Court. However, in this instance, we perceive of no reason, and defendant has not suggested any convincing reason, why our previous rulings in which we have considered equal protection and vagueness should not be sustainable under both federal and state constitutional provisions.

The judgment and conviction are affirmed.

HALL, C.J., and STEWART, J., concur.

ZIMMERMAN, Justice: (concurring and dissenting).

I join in affirming defendant's conviction. I dissent from the affirmance of the imposition of the minimum mandatory sentence of 15 years.

I agree that the apparent error in instruction 21 does not qualify for consideration under the "manifest injustice" exception, rule 19(c) of the Utah Rules of Criminal Procedure. Even if we could say that the error was sufficiently obvious that it should have been noticed by the trial court, it was not harmful. *See State v. Verde*, 770 P.2d 116, 119–121 (Utah 1989). For the reasons stated by Justice Howe, there is not a reasonable likelihood that absent the error, the outcome of the trial would have been more favorable to defendant. Our confidence in the verdict is not undermined. *See State v. Knight*, 734 P.2d 913, 919–20 (Utah 1987).[1]

I cannot join the majority's rejection of defendant's challenge to the minimum mandatory sentencing scheme under which he was given the highest of the three available sentences, 15 years. In my view, the cases relied upon by the majority, including *State v. Bishop*, 717 P.2d 261 (Utah 1986), *State v. Egbert*, 748 P.2d 558 (Utah 1987), and *State v. Bell*, 754 P.2d 55 (Utah 1988), have not addressed the challenges defendant mounts under article I, section 24 and article I, section 7 of the Utah Constitution to the adequacy of the sentencing guidance given trial judges by the statute and the Judicial Council's guidelines. In *Egbert*, we did reject similar claims, but they were considered only under the federal constitution.

While I do not necessarily think that the protections of sections 7 and 24 of article I are identical to those provided by the equal protection and due process clauses of the federal constitution, in the present context, I am of the view that the state constitution does not offer less protection than the federal. Therefore, for the reasons noted in my dissent in *State v. Egbert*, 748 P.2d at 563, I would find the statutory scheme, as it is presently implemented, violative of the protections guaranteed by the Utah Constitution, and I would reduce defendant's mandatory minimum sentence to five years. And for the reasons noted in my concurring and dissenting opinion in *State v. Bell*, 754 P.2d at 60, I will refrain from noting this disagreement with the majority in the future.

DURHAM, J., concurs in the concurring and dissenting opinion of ZIMMERMAN, J.

---

1. It is worth noting that the apparently erroneous character of the instruction was not simply overlooked by defense counsel; that same error was contained in a proposed instruction submitted by defense counsel upon which the trial judge made the notation, "Substantially given."