**STATE of Utah, Plaintiff and Appellee,**

v.

**Bruce GIBBONS, Defendant and Appellant.**

No. 860405.

Supreme Court of Utah.

Sept. 13, 1989.

R. Paul Van Dam, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

Hans M. Scheffler, Ronald J. Yengich, Salt Lake City, for defendant and appellant.

STEWART, Justice:

Bruce Gibbons was charged with two counts of sexual abuse of a child and one count of sodomy on a child. Sexual abuse of a child is a second degree felony. Sodomy on a child is a first degree felony, subject to a minimum mandatory sentence of five, ten, or fifteen years' imprisonment.

Initially, Gibbons had pleaded guilty to all three counts and was sentenced to prison for two terms of one to fifteen years for sexual abuse of a child and a minimum mandatory term of fifteen years to life for sodomy on a child, all terms to run consecutively. He then appealed, asserting error by the trial court in failing to determine whether his guilty pleas were made knowingly and voluntarily. He also attacked the constitutionality of Utah's minimum mandatory sentencing provisions. This Court held that the trial judge, by failing to inform Gibbons of the "elements of the crimes charged and the relationship of the law to the facts," failed to comply with standards of due process and Rule 11(e) of the Utah Rules of Criminal Procedure. *State v. Gibbons*, 740 P.2d 1309, 1312 (Utah 1987). *See* Utah R.Crim.P. 11(e). *See also Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274, 279–80 (1969). We remanded the case to the trial court to allow Gibbons to withdraw his guilty pleas but retained jurisdiction for any necessary future action on a remaining issue. *Gibbons*, 740 P.2d at 1310, 1314. Gibbons then withdrew his guilty plea but stood trial. At the conclusion of trial, the jury was unable to reach a verdict. Prior to retrial, Gibbons once again pleaded guilty to all three counts pursuant to a plea bargain.

At the sentencing hearing before Judge Gordon J. Low, Gibbons testified in mitigation and asked the court to notice the victim's trial testimony. In addition, two witnesses testified as to Gibbons' sincere desire to change and undergo treatment, and five documents were admitted, all reflecting Gibbons' good behavior since his arrest. The court also referred to a presentence report. As agreed in the plea bargain, the State presented no aggravating circumstances at the sentencing hearing and did not oppose defendant's motion to reduce the offense of sodomy on a child one degree pursuant to Utah Code Ann. § 76–3–402 (Supp.1989) so that defendant would no longer be subject to a minimum mandatory prison sentence. The trial court rejected defendant's motion to be sentenced a degree lower. The court sentenced Gibbons to two terms of one to fifteen years for the two counts of sexual abuse of a child and one minimum mandatory term of ten years to life for the offense of sodomy on a child, all three sentences to run concurrently.

Gibbons has again appealed and raises two issues in addition to the retained constitutional question of whether the minimum mandatory provisions are unconstitutionally vague. He contends that the trial court abused its discretion in denying him probation under Utah Code Ann. § 76–5–406.5 (Supp.1989). He also asserts

that the trial court abused its discretion in sentencing him to the minimum mandatory term of ten years, the term of middle severity, rather than the lesser term of five years.

## I.

■ We turn first to the claim that the trial court abused its discretion in denying defendant probation. An appellate court will set aside a sentence imposed by the trial court if the sentence represents an abuse of discretion, *State v. Gerrard,* 584 P.2d 885, 887 (Utah 1978), if the trial judge fails to consider all legally relevant factors, *State v. Holland,* 777 P.2d 1019 (Utah 1989), or if the sentence imposed exceeds the limits prescribed by law. *State v. Shelby,* 728 P.2d 987, 988 (Utah 1986); *State v. Jolivet,* 712 P.2d 843, 844 (Utah 1986); *State v. Peterson,* 681 P.2d 1210, 1219 (Utah 1984); *State v. Harris,* 585 P.2d 450, 453 (Utah 1978).

The trial court did not abuse its discretion in denying Gibbons probation. Utah Code Ann. § 76-5-406.5(2) (Supp.1989) provides that probation may be granted to a defendant convicted of sodomy on a child if the defendant is the victim's parent, stepparent, adoptive parent, or legal guardian who has lived in the household in the role of a parent for one year and

> so long as all of the circumstances enumerated in Subsections (1)(a) through (*l*) are found by the court to exist and the court in its discretion, considering the circumstances of the offense, including the nature, frequency, and duration of the conduct, finds probation or suspension of sentence to be proper.

The "circumstances enumerated in Subsections (1)(a) through (*l*)" are:

(1)....

(a) the defendant did not use a weapon or use force, violence, substantial duress or menace, or threat of harm in committing the offense;

(b) the defendant did not cause bodily injury to the victim during or as a result of the offense and did not cause the victim severe psychological harm;

(c) the defendant, prior to the offense, had not been convicted of any public offense in Utah or elsewhere involving sexual misconduct in the commission of the offense;

(d) the defendant did not commit an offense described in Part 4 of this chapter against any other victim, at the same time, or during the same course of conduct, or previous or subsequent to the instant offense, except where the additional victim is within the same family and the court finds unusual circumstances exist justifying the granting of probation;

(e) the defendant did not use, show, or display pornography or create sexually-related photographs or tape recordings in the course of the offense;

(f) the defendant did not act in concert with another offender during the offense or knowingly commit the offense in the presence of a person other than the victim or, with lewd intent to reveal the offense to another;

(g) it is in the victim's best interests that the defendant not be imprisoned;

(h) the defendant has been accepted for mental health treatment in a recognized family sexual abuse treatment center which specializes in dealing with the kind of child sexual abuse occurring in this case;

(i) the defendant, as a condition of probation, will maintain residency outside the home for at least one year beginning with the commencement of treatment, and the defendant, as a condition of probation, will not again take up residency in the home until allowed to do so by order of the court;

(j) rehabilitation of the defendant through treatment is probable;

(k) a jail term of at least 30 days is served prior to treatment and probation is imposed for ten years maximum;

(*l*) the defendant did not encourage, aid, allow, or benefit from any act of prostitution or sexual act by the victim with any other person, or sexual per-

formance by the victim before any other person.

The trial court examined each of the twelve requirements and discussed defendant's compliance. The court's decision to deny probation was not based on defendant's failure to qualify under the twelve factors listed above. Rather, the trial court held that "the circumstances of the offense, including the nature, frequency, and duration of the conduct," were of controlling importance. Utah Code Ann. § 76–5–406.5(2) (Supp.1989). The trial judge was influenced by the nature, frequency, and duration of the sexual abuse as well as other circumstances, such as the young age of the victim. After considering those factors, the trial court decided against granting probation. Quite clearly, the court's decision was based on a careful consideration of relevant legal factors. In sum, the trial court's decision against probation does not constitute an abuse of discretion.

Gibbons argues that the trial court mistakenly believed that it lacked the discretion to grant probation under any circumstances. Specifically, he contends that the trial court misinterpreted Utah Code Ann. § 76–3–406 (Supp.1989), which states:

(1) Notwithstanding Sections 76–3–201 and 77–18–1, and Chapter 16, Title 77, and any other provision of law, *except as provided in Section 76–5–406.5, probation shall not be granted*, the execution or imposition of sentence shall not be suspended, the court shall not enter a judgment for a lower category of offense, and hospitalization shall not be ordered, the effect of which would in any way shorten the prison sentence for any person who commits a felony of the first degree involving: child kidnapping, a violation of Section 76–5–301.1; aggravated kidnapping, a violation of Section 76–5–302; rape of a child, a violation of Section 76–5–402.1; any attempt to commit rape of a child; object rape of a child, a violation of Section 76–5–402.3; any attempt to commit object rape of a child; sodomy upon a child, a violation of Section 76–5–403.1; aggravated sexual abuse of a child, a violation of Subsections 76–5–404.1(3) and (4); or aggravated sexual assault, a violation of Section 76–5–405.

(Emphasis added.)

A defendant convicted of a sexual crime against a child can receive probation or reduction of sentence only if he satisfies all the enumerated requirements of Utah Code Ann. § 76–5–406.5. If a defendant does not meet all the requirements, § 76–3–406 precludes the granting of probation under any other statute. Here, the trial court found that defendant did not meet all the requirements for probation. The trial judge stated:

But with respect to probation and the possibility of suspending the sentence or issuing probation, it must be shown, as I read the statute, that in a case involving the defendant's mouth and the genitals or anus of a child, only if the defendant establishes by a preponderance of the evidence on all the criteria set forth in subsection 76–5–406.5(2) and all of the circumstances set forth in 76–5–406.-5(1)(a) through (*l*), can I consider that. I do not find that that has been shown to the Court by a preponderance of the evidence.

Thereafter, the trial court completed stating the applicable law by quoting the relevant language of Utah Code Ann. § 76–5–406.5 and then stated:

I do not find that I am able as a matter of law, even if I should desire to do so, to grant probation, nor reduce this to the next lower category of offense by statute.

The trial court did not misconstrue the law.

## II.

Gibbons further contends that the trial court abused its discretion in sentencing him to a ten-year minimum mandatory term. Since only mitigating circumstances were advanced at the sentencing hearing, Gibbons asserts that it was an abuse of discretion to sentence him to the term of middle severity instead of the lesser five-year minimum mandatory term.

[4] Subsections 76–3–201(5)(a), (d), (e), and (6)(b) govern the procedural imposition of the minimum mandatory sentence:

(5)(a) If a statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime.

. . . .

(d) *The court shall set forth on the record the facts supporting and reasons for imposing the upper or lower term.*

(e) The court in determining a just sentence shall be guided by sentencing rules regarding aggravation and mitigation promulgated by the Judicial Council.
(6) . . . .

(b) *The court shall state the reasons for its sentence choice on the record at the time of sentencing.* The court shall also inform the defendant as part of the sentence that if the defendant is released from prison, he may be on parole for a period of ten years.

(Emphasis added.) *State v. Bell*, 754 P.2d 55, 60 (Utah 1988), amplified the procedure to be followed in applying § 76–3–201(5) and (6):

Although § 76–3–201(5)(d) requires that the trial court specify "the facts supporting and reasons for imposing the upper and lower term," § 76–3–201(6)(b) requires that the court need only state the reasons for any sentence choice, including the middle term sentence, if there are no circumstances in aggravation or mitigation of the crime. However, when there are aggravating and mitigating circumstances, as there were in this case, the trial court must identify them and give them appropriate weight in pronouncing sentence, even if the sentence is the middle term. The mitigating and aggravating circumstances and the trial court's reasons supporting the sentence should appear on the record.

*See also State v. Shickles*, 760 P.2d 291, 302–03 (Utah 1988). The trial court, in imposing a minimum mandatory sentence, is required by § 76–3–201 and *Bell* and *Schickles* to (1) identify the mitigating and aggravating circumstances and (2) state the reasons for whichever minimum mandatory sentence is imposed.

 Additionally, § 76–3–201(5)(c) states that in determining which term to impose "the court may consider the record in the case, the probation officer's report, other reports, . . . statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing." In this case, defendant specifically asked the trial court to consider the child's testimony at trial. The trial court also referred to a psychological evaluation of the victim. All these factors were considered in the trial court's sentencing decision in addition to a presentence report and defendant's proffered mitigating circumstances. Both the presentence report and victim's testimony contained aggravating factors which offset mitigation presented by defendant and justified the ten-year term. The trial court specified the age of the victim, the frequency of the abuse (twice a week), and the duration of the abuse (more than a year) as aggravating factors. The trial court also reviewed the mitigating evidence that defendant had sought and would continue to seek treatment and that defendant did not understand how seriously his actions were condemned by society. The trial court identified and weighed the factors and sentenced defendant to a ten-year minimum mandatory term. This does not, in our view, constitute an abuse of discretion.

### III.

Lastly, defendant attacks the minimum mandatory sentencing provisions as unconstitutionally vague. This argument was resolved against defendant's position by *State v. Bell*, 754 P.2d 55 (Utah 1988), and *State v. Egbert*, 748 P.2d 558 (Utah 1987).

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.