**STATE of Utah, Plaintiff and Respondent,**

v.

**Mark Donaldson ANDERSON, Defendant and Appellant.**

No. 17108.

Supreme Court of Utah.

July 15, 1981.

H. Don Sharp, Ogden, for defendant and appellant.

David L. Wilkinson, Craig L. Barlow, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

On appeal from a conviction for carrying a concealed and dangerous weapon, a third-degree felony under § 76–10–504, Utah Code Ann. (1953), as amended, defendant requests that the sentence be set aside and the case remanded for resentencing. His sole contention of error is that the court improperly received and considered a pre-sentence report concerning the defendant without the author of the report, or one with personal knowledge of its contents, appearing and testifying in open court at the sentence hearing.

On March 8, 1980, defendant was detained by security personnel in a Riverdale branch of Grand Central, a chain discount store. Defendant underwent taped interrogation and after approximately three hours' detention, an officer from the Riverdale Police Department arrived. Upon his arrival defendant stated, "just a minute," and removed a small .22 derringer pistol from his pocket with two fingers and handed it to the officer. Defendant was immediately placed under arrest for carrying a concealed weapon.

On April 21, 1980, defendant entered a plea of guilty to the charge and on May 5, 1980, appeared for sentencing. Defendant moved to withdraw his plea of guilty, and the motion was denied. At that time defendant was provided a copy of the presentence report, to which was attached a Grand Central report and the transcription

of the Grand Central taped interview. A sentence hearing was then held.

Defendant, his mother, and his girlfriend testified at the hearing. The State presented a Mr. Lampros, a loss-prevention manager for Grand Central. Mr. Kent Jorgensen, security director for Grand Central stores and the individual who primarily conducted the investigation and interrogation of defendant, did not appear.

Defendant relies on § 77–35–13 in contending that the failure of the State to produce Jorgensen at the hearing made consideration of the Grand Central report and the transcript of the taped interview error. That section provides:

> *Circumstances aggravating or mitigating punishment, how presented—Limitation.*—The circumstances must be presented by the testimony of witnesses examined in open court, except that when a witness is so ill or infirm as to be unable to attend, his deposition may be taken by a magistrate of the county, out of court, upon such notice to the adverse party as the court may direct. No affidavit or testimony or representation of any kind, verbal or written, shall be offered to or received by the court or a judge thereof in aggravation or mitigation of the punishment, except as provided in this section.[1]

For reasons stated in *State v. Lipsky*, Utah, 608 P.2d 1241 (1980), § 77–35–13 does not require the author or authors of the presentence report in this case to appear personally at the hearing for sentencing. In *Lipsky* this Court held: .

> ... the trial court may receive information concerning the defendant in the form of a presentence report without the author of the report necessarily personally appearing and testifying in open court, as would be required by § 77–35–13, but ... the report should be disclosed to the defendant. If the defendant thinks the report inaccurate he should then have the

opportunity to bring such inaccuracies to the court's attention. [*Id.* at 1244.]

It is noteworthy that there is no claim on this appeal of factual error in the presentence report and the documents attached thereto.

■ Our aversion to having judicial decisions concerning life and liberty made even in part on the basis of *ex parte* communications by unknown persons to a judge, which may be factually erroneous and cannot be tested for error, denied, or placed in a proper light, is based on a notion of fundamental fairness having historical and constitutional roots. Gossip, rumor, and factual error, in whatever guise, should not be the basis of important judicial determination. As stated in *Lipsky*, 608 P.2d at 1249, the requirement that presentence reports be disclosed to defendant is to provide some basic due process protections to a defendant against having his fate determined on the basis of unreliable information.

*People v. Giles*, 70 Cal.App.2d Supp. 872, 161 P.2d 623 (1945), referred to in *Lipsky*, is relied on by defendant, but it lends no aid to his position. *Giles* held that the trial court's reliance on letters, telephone calls and personal comments made to the court from various individuals which were all derogatory of the defendant constituted error in the face of a provision that requires that information in aggravation or mitigation of punishment "must be presented by the testimony of witnesses examined in open court." The court did not go so far as to hold that materials supplied in the presentencing report and disclosed to the defendant prior to the hearing could not be considered unless they came "from the lips of witnesses called in open court." [161 P.2d at 629.]

■ The Grand Central report and the transcript of the taped interview were a part of the presentence report and were disclosed to the defendant who made no objection either to their inclusion or to their

---

1. This section was repealed by enactment of the new Utah Code of Criminal Procedure which became effective July 1, 1980. The new Code does not contain an identical provision, but the subject of presentence reports is covered in § 77–18–1(2). The presentation of information in mitigation of punishment is provided for in § 77–35–22(a).

accuracy. No claim of error, therefore, can be predicated on their attachment to the report.

Affirmed.

HOWE and OAKS, JJ., concur.

HALL, C. J., concurs in the result.

MAUGHAN, J., heard the arguments but died before the opinion was filed.