STATE of Utah, Plaintiff and Respondent,

v.

Steven Michael CASAREZ, Defendant and Appellant.

No. 16997.

Supreme Court of Utah.

Dec. 9, 1982.

Ginger L. Fletcher, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Joseph P. McCarthy, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant was convicted of two counts of aggravated sexual assault, one for rape and one for sodomy, in violation of U.C.A., 1953, § 76–5–405. He contends that the trial court erred in 1) denying him access to his presentence report prior to sentencing; 2) admitting evidence of another crime; and 3) denying him his statutory right of allocation at the time of sentencing.

As is to be expected, the testimony of the prosecutrix and the defendant are in conflict. We, of course, accept that version of the facts which supports the jury's verdict. *E.g., State v. Howell,* Utah, 649 P.2d 91 (1982).

The prosecutrix testified that at approximately 9:00 p.m. on December 21, 1979, she parked her car on First South and State Street in Salt Lake City, Utah, and proceeded to her place of employment. She was confronted on the street by the defendant who told her that he was a prison escapee and needed her car and warned her that if she did not comply with his wishes he would kill her. At defendant's instruction the prosecutrix walked back to her car. The defendant pushed her into the car, drove a

few blocks, and stopped the car. After two acts of sexual assault, rape, and forcible sodomy, the prosecutrix bit the defendant, who then struck her in the face. During the ensuing commotion the prosecutrix escaped from the car. The driver of a passing car took her to the rape crisis center at Holy Cross Hospital. An emergency room physician examined the victim that evening and the defendant the following morning. At trial the physician testified that the bruises on the prosecutrix and the defendant were consistent with the prosecutrix's testimony. Other facts in support of the State's case need not be recounted.

The defendant testified that he had stopped to ask the prosecutrix for the time. He then asked her if she would like to go out and have a good time, and she accepted the invitation. He drove her a couple of blocks and stopped. According to defendant, the prosecutrix then engaged in sex acts with him voluntarily, upon the conclusion of which she unexpectedly bit him, and after being struck by defendant, she fled the car in fear. Defendant stated that he then also left the car and took a bus home.

On appeal the defendant contends that the imposition of the sentence was improper because the trial court did not, prior to sentencing, give him access to the presentence report as required by *State v. Lipsky,* Utah, 608 P.2d 1241 (1980). The State counters with the argument that an amendment to U.C.A., 1953, § 77–18–1(2), enacted subsequent to the decision in *Lipsky,* modified the rule in that case and justified the trial court's discretionary refusal to give the defendant the presentence report. That amendment reads:

> Prior to imposition of any sentence for an offense for which probation may be granted, the court may, with the concurrence of the defendant, continue the date for the imposition of sentence for a reasonable period of time for the purpose of obtaining a presentence report on the defendant. . . . The contents of the report shall be confidential. *The court may disclose all or parts of the report to the defendant or his counsel as the interest of justice requires.* [Emphasis added.]

On the basis of that provision, the State argues that the trial judge acted within the proper bounds of discretion in not disclosing the report.

 Sentencing is a critical stage of a criminal proceeding at which a defendant is entitled to the effective assistance of counsel. *E.g., Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Procedural fairness is as obligatory at the sentencing phase of a trial as at the guilt phase. *Presnell v. Georgia,* 439 U.S. 14, 16, 99 S.Ct. 235, 236, 58 L.Ed.2d 207 (1978). *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), held that it is a denial of due process in a capital case to sentence a defendant on the basis of confidential information not disclosed to a defendant or his counsel. In *Lipsky,* a noncapital case, this Court held on a due process analysis that "fundamental fairness" requires that a defendant have the right to inspect a presentence report prior to sentencing so that a sentence will not be influenced by inaccurate information. 608 P.2d at 1248. Furthermore, if the defendant cannot inspect the contents of the presentence report, his constitutional right to the effective assistance of counsel at the time of sentencing is seriously impaired if a judge may rely on information which may be inaccurate and is unknown to the defendant.

A number of other courts have held that fundamental fairness requires disclosure of the presentence report. *See, e.g., Buchea v. Sullivan,* 262 Or. 222, 497 P.2d 1169 (1972); *State v. Kunz,* 55 N.J. 128, 259 A.2d 895 (1969); *Jones v. State,* Okl.Cr.App., 477 P.2d 85 (1970). This rule is implicit in several more recent cases. For example, in *State v. Lockwood,* La., 399 So.2d 190 (1981), the court approved disclosure and held that a defendant, who alleged that false and prejudicial statements were contained in his presentence report, was entitled to an opportunity to refute or explain

even though the trial court contended that its decision was unaffected by the report. In *State v. Phelps,* N.D., 297 N.W.2d 769 (1980), the court held that the trial court acted unreasonably and abused its discretion in allowing defendant's counsel insufficient time to read and investigate a presentence report which contained a complicated medical history. And in *Howell v. State,* Del., 421 A.2d 892 (1980), the court, construing a statute which provided that the trial court "may, *in its discretion,* permit the inspection of the [presentence] report or parts thereof by the offender or his attorney," *id.* at 900, stated in dictum that "[f]ailure to disclose the investigative portion of a presentence report to counsel for a criminal defendant may 'in practical effect' be equivalent to denial of access to counsel." *Id.* at 900 (quoting in part from *United States v. Verdugo,* 402 F.2d 599 (9th Cir. 1968), cert. denied, 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124 (1971).

Except for the very rare possibility when disclosure might lead to harm of a third person, there is no substantial reason for sentencing criminal defendants on the basis of confidential information gleaned from a variety of more-or-less reliable sources without affording those defendants some opportunity to point out mistakes in that information. It is essential to both the form and substance of a fair proceeding that the defendant have the right to point out errors, misinterpretations, or even to demonstrate that he is not in fact the person who is the subject of the report. Such errors are not unknown. Particularly when the criminal justice system is being pressed to deal with ever more criminal defendants on an impersonal basis not unlike an assembly line, the possibility of error becomes even greater. If a defendant were not allowed to correct an error at the time of sentencing, the error is likely to go undetected for as long as the defendant remains subject to the criminal justice system since the presentence report remains in the file on the defendant and is used by the Board of Pardons and other authorities in making decisions as to the length and terms of his incarceration, rehabilitation, and parole.

We also note that it is not just the defendant, but the State as well, that has an interest in the sentence being based on accurate information. Decisions as to the type of rehabilitation program, if any, to which a defendant is assigned and the duration of incarceration both influence the allocation of scarce personnel and monetary resources. Such decisions should be based upon the most reliable data possible as to each defendant so that this State may deal with its criminal justice program as efficiently as possible.

▬▬ It does not follow, however, that § 77–18–1(2) is unconstitutional. It is the policy of the Court to construe statutes when possible to effectuate the legislative intent and to avoid potential constitutional conflicts. *E.g., State v. Wood,* Utah, 648 P.2d 71, 82 (1982); *In re Boyer,* Utah, 636 P.2d 1085, 1088 (1982). In accord with this approach, we find no difficulty in reconciling the defendant's right to disclosure with the language of § 77–18–1(2). That provision was not intended to make disclosure of a presentence report depend on a personal whim or a subjective standard of an individual judge. The interests at stake are far too important for that. Rather, the Legislature expressly provided that the exercise of discretion should be guided as "the interest of justice requires." Under that standard, it is the exceptional case where full disclosure is not justified. Only when disclosure of the presentence report would jeopardize the life or safety of third parties, should there be deletions from the report to protect them. In such cases, disclosure to a defendant of as much of the report as possible should be made. Identifying indicia of a person who would be threatened should be excluded from the report, sealed, and included in the record on appeal. In all other cases, full disclosure of the report should be made.

Finally, it is of no moment that the trial court may disregard the presentence report altogether in imposing a sentence. A defendant still has a right to disclosure of the report because of the subsequent uses made

of it. *State v. Lockwood,* La. 399 So.2d 190 (1981).

 Defendant also alleges error in the admission of evidence comparing his footprints in the area where the rape occurred with footprints around a stolen vehicle later found near defendant's residence. Defendant argues that the evidence was improperly offered to link him with a separate, unrelated crime. The State contends that the evidence was admissible to contradict defendant's testimony that he took a bus home from the scene of the crime, and thereby attack the defendant's credibility.

Whether the defendant took the bus home or drove home was not material to the central issue of whether he was guilty of aggravated sexual assault. There was no need to prove how the defendant returned home. The testimony was neither background evidence useful to establish the circumstances surrounding the commission of the crime nor did it shed any light on defendant's conduct which might tend to show a consciousness of guilt. The only possible materiality of the evidence was with respect to defendant's credibility. The inference that he drove a stolen car home is indeed inconsistent with his testimony of taking the bus home. However, not every inconsistency is admissible on the theory that it bears on credibility. The law is that a witness may not be impeached on matters collateral to the principal issues being tried. *E.g., State v. Oswalt,* 62 Wash.2d 118, 381 P.2d 617 (1963); 3A J. Wigmore, Evidence in Trials at Common Law §§ 1000–1003 (Chadbourn rev. 1970). The manner in which defendant returned home following the crime is a collateral issue; therefore, impeachment evidence on that issue was inadmissible.

However, the admission of the evidence was harmless. *See* U.C.A., 1953, § 77–35–30. Even assuming the evidence was offered to link defendant with an uncharged crime, the court's striking of that part of the testimony relating to a stolen car and its subsequent admonishment and instruction to the jury to disregard the stricken evidence was a sufficient remedy under the circumstances. On no reasonable view of the evidence did the objectionable evidence taint the fairness of the trial.

Defendant also complains that he was not afforded his statutory right of allocution before sentence was imposed. *See* U.C.A., 1953, § 77–35–22(a). We have reviewed the record and conclude the allegation is without merit.

The conviction is affirmed, but the sentence is vacated. The case is remanded for the defendant to review and verify the contents of the presentence report, unless the narrow exception above defined applies, and for the trial judge to resentence the defendant on a *nunc pro tunc* basis.

Affirmed.

OAKS, HOWE and DURHAM, JJ., concur.

HALL, C.J., concurs in the result.