STATE of Utah, Plaintiff and Respondent,

v.

Kenneth L. MITCHELL, Defendant and Appellant.

No. 18828.

Supreme Court of Utah.

Oct. 6, 1983.

Kent O. Willis, Ogden, for defendant and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

A jury convicted defendant of aggravated robbery after two employees of a retail establishment identified him as the man who had come into their store at 2:30 p.m. on September 20, 1982, and taken cash from them at gunpoint. He was sentenced to the statutory term of five years to life for the first degree felony, plus additional consecutive sentences of one year and not more than five years for the use of a firearm in the crime. U.C.A., 1953, § 76-3-203(1).

Both employees had ample opportunity to observe the defendant. He had come into the store five or six times in the morning and early afternoon on the day of the robbery, conversing with each of them on several of those occasions. In the course of the robbery, the unmasked gunman had talked to both employees in the sales area, at the cash register, and in the back room, where he took them before fleeing with the money. Both employees picked defendant's picture out of a photo lineup presented by police less than an hour after the robbery, and both positively identified him at the trial. Defendant denied that he was the man who robbed the store, testifying that he was elsewhere at that time. On cross-examination, he admitted that he had previously been convicted of a felony.

Defendant's appointed counsel has filed an Anders brief setting out six possible grounds for relief on appeal, stating that the first five grounds are without merit but suggesting that there may be merit to the sixth ground, which relates only to the sentence. Counsel concludes his brief by moving the Court for leave to withdraw. The record, including a transcript of the testimony at trial, is before us.

■ Counsel's Anders brief meets all the requirements we outlined in *State v. Clayton,* Utah, 639 P.2d 168 (1981). Specifically, as to the merits of the points on appeal, it contains "a statement of the facts, a de-

scription of the proceedings, and the citation of pertinent authorities" sufficient to permit this Court to fulfill its obligation to decide whether the case is wholly frivolous. *Id.* at 170. For example, defendant complains that he was not tried within 30 days after arraignment, as required by law where the defendant is unable to post bail and the business of the court permits. § 77-1-6(1). But the record shows that defendant was tried 25 days after arraignment. Defendant also complains that he had no probable cause hearing. But the record shows that a probable cause hearing was held on September 27, 1982, only seven days after defendant's first appearance in court and well within the ten-day requirement of § 77-35-7(c). The other three points pertaining to the judgment of conviction have no more merit than the two just described.

■ Defendant has filed a pro se brief, repeating the six grounds in counsel's brief and arguing ten others. As an example of the latter, defendant contends that he did not have counsel appointed before arraignment. But the record shows that counsel was appointed on September 20 at defendant's first appearance in court. Appointed counsel represented defendant at his probable cause hearing on September 27, at his arraignment on October 1 (where he pleaded not guilty), at a successful effort to disqualify the initially assigned trial judge on October 5, and at defendant's trial on October 25. Defendant also contends that no warrant was issued for his arrest, but he does not explain how he was prejudiced by that omission. The record shows that defendant was arrested by the Utah County Sheriff on another warrant, which explains why no arrest warrant was attached to the information filed in this case on the date defendant was first brought to court on this charge. In any event, this point involves no exceptional circumstance to alter the general rule that we will not review matters raised for the first time on appeal without timely objection in the trial court. *State v. Steggell,* Utah, 660 P.2d 252, 254 (1983).

No useful purpose would be served by reviewing the other points in the pro se

brief, which are of a character similar to and no more meritorious than the two discussed above.

■ The sixth point recited in counsel's Anders brief states that the order of commitment (issued at the sentencing hearing two weeks after the trial) "makes no mention that Defendant had any access to the presentence report" and suggests that our decision in *State v. Casarez,* Utah, 656 P.2d 1005 (1982), may therefore require a remand for resentencing after the defendant has had an opportunity to review that report. In *Casarez,* the defendant requested and was denied access to the presentence report, and we remanded for resentencing for that reason. Here, the commitment shows that the presentence report had been "completed and submitted to the court," but it is silent on whether it was shown to the defendant or his counsel and on whether the defense had requested it. The proceedings at the sentencing hearing have not been transcribed, but there is no suggestion that the presentence report was presented in such a way as to conceal its existence or contents from the defense or to minimize the likelihood that they would assert their right to inspect it. In this circumstance, *Casarez* provides no basis for vacating the sentence. "In the absence of record evidence to the contrary, we assume regularity in the proceedings below ...." *State v. Jones,* Utah, 657 P.2d 1263, 1267 (1982); *State v. Wulffenstein,* Utah, 657 P.2d 289 (1982).

Having concluded unanimously that the grounds urged on appeal are "wholly frivolous," pursuant to the practice specified in *State v. Clayton, supra,* we affirm the judgment of conviction and grant counsel's motion for leave to withdraw.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.