**STATE of Utah, Plaintiff and Appellee,**

v.

**Louis GOMEZ, Defendant and Appellant.**

**No. 940023.**

Supreme Court of Utah.

Dec. 13, 1994.

Jan Graham, Atty. Gen., Joanne C. Slotnik, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Jack C. Helgesen, Michael V. Houtz, Ogden, for defendant.

STEWART, Associate Chief Justice:

Defendant Louis Gomez was convicted of rape, a first degree felony, in violation of Utah Code Ann. § 76-5-402, and appeals the prison sentence imposed by the district court pursuant to his conviction. Defendant contends that his rights to due process and effective assistance of counsel were violated by an ex parte communication between the sentencing court and the probation officer who prepared the presentence investigation report, and that his sentence was materially affected thereby. We hold that defendant's rights were not violated in this case because defendant was given the opportunity to examine and challenge all factual information upon which his sentence was based.

Defendant was charged by information with one count of rape. Defendant and the State entered into a plea negotiation wherein the State agreed to recommend no prison time in return for defendant's plea of no contest.[1] However, the plea negotiation was not conditioned upon the court's accepting the recommendation. The court accepted the plea and indicated that it would impose an appropriate sentence because it was not bound by the negotiated recommendation.

The court referred defendant to Adult Probation and Parole for a presentence investigation report. The report recommended prison. Concerned about the disparity between the negotiated recommendation and the report, the court initiated a conversation with the author of the report to verify that the probation officer had considered defendant's health, the parties' plea negotiation, and whether the prison could accommodate defendant's physical condition.

Defendant learned about this ex parte communication during the first sentencing hearing. He objected to the communication as a violation of his constitutional right to be present at any important stage in the case. Defendant also objected to the presentence investigation report, stating that it had not considered his disabilities as a factor in the recommendation.

A second hearing was conducted to resolve questions about the severity of defendant's disabilities. The probation officer who prepared the presentence report was present at the second hearing for questioning concerning the ex parte communication. However, defendant did not call the probation officer to testify.

A third hearing was held to consider the ninety-day evaluation conducted by the Department of Corrections. The evaluation concluded that defendant's disabilities could be accommodated at the prison. Defendant was heard on his objections to the evaluation. At the conclusion of the hearing, the court sentenced defendant to five years to life in the Utah State Prison, with a recommendation that defendant's physical problems be specifically addressed at the prison. Defendant appeals the prison sentence.

Defendant first asserts that his due process rights to notice and an opportunity to be heard were violated by the sentencing court's ex parte communication with the probation officer who prepared the presentence investigation report. We disagree.

Due process, as guaranteed by both the United States and Utah Constitutions, requires criminal proceedings to be conducted to insure that the decision-making process is based upon accurate and reasonably reliable information. *State v. Johnson*, 856 P.2d 1064, 1071 (Utah 1993); *State v. Howell*, 707 P.2d 115, 118 (Utah 1985); *State v. Lipsky*, 608 P.2d 1241, 1248 (Utah 1980). Sentencing is a critical part of a criminal proceeding. *State v. Bell*, 754 P.2d 55, 58 (Utah 1988); *State v. Casarez*, 656 P.2d 1005, 1007 (Utah 1982). Thus, a defendant is entitled to due

---

1. The State was willing to forego incarceration due to defendant's poor health and physical condition. Defendant had suffered two strokes, was partially paralyzed, was confined to a wheelchair, and had numerous health problems.

process protections during sentencing to prevent procedural unfairness. *Bell,* 754 P.2d at 58; *Casarez,* 656 P.2d at 1007.

■ Fundamental principles of procedural fairness in sentencing require that a defendant have the right to examine and challenge the accuracy and reliability of the factual information upon which his sentence is based. *Lipsky,* 608 P.2d at 1248; *State v. Hanson,* 627 P.2d 53, 55 (Utah 1981); *State v. Anderson,* 632 P.2d 877, 878 (Utah 1981). Accordingly, factual information upon which a sentence is based must be disclosed to a defendant, except in the rare case where disclosure of the information would jeopardize the life or safety of third parties. Utah Code Ann. § 77–18–1(5) (Supp.1994); *Casarez,* 656 P.2d at 1008.

■ Defendant had a full opportunity in this case to examine and challenge all factual information upon which the court based his sentence. A copy of the presentence investigation report was provided to defendant prior to the first hearing. Defendant had the opportunity to examine the report and challenge its contents and recommendations. Further, after defendant's objection to the ex parte communication, the court fully disclosed the purpose and substance of the communication and explained that no information beyond what was in the report was provided during that communication. Defendant had the opportunity at the second hearing to question the probation officer who authored the presentence report and to satisfy himself that no inaccurate or unreliable information was given the court by the probation officer in the ex parte communication. Defendant failed to avail himself of the opportunity to question the probation officer. Finally, there is no indication that the court considered any information in fixing defendant's sentence that was not contained in the presentence report or offered at the hearings.

Defendant argues that the very fact of the court's ex parte communication with the probation officer raises such a specter of harm to him that the only remedy is to order resentencing. In essence, defendant seeks a per se rule against all ex parte communications between sentencing courts and probation officers after a presentence report has been prepared. We decline to adopt such a rule because it could unduly restrict the sentencing judge in having access to information necessary to a just and fair sentence. Here, full disclosure of the ex parte communication was made to defendant, and he was given an opportunity to examine the probation officer at the second hearing with respect to any communication that defendant may have considered unfair or inaccurate. We hold that defendant's due process rights of notice and an opportunity to be heard were adequately protected.

Defendant next contends that his right to effective assistance of counsel was violated by the ex parte communication between the sentencing court and the probation officer who authored the presentence report. For the reasons discussed below, we hold that defendant's right to effective assistance of counsel was not violated in this case.

■ A defendant is entitled to the effective assistance of counsel at sentencing to assure compliance with due process requirements. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977); *Mempa v. Rhay,* 389 U.S. 128, 134, 137, 88 S.Ct. 254, 258, 19 L.Ed.2d 336 (1967). If a sentencing judge is allowed to rely upon information unknown to the defendant, the ability of counsel to effectively challenge inaccurate information may be seriously impaired, thereby threatening the defendant's right to effective assistance of counsel. *State v. Casarez,* 656 P.2d 1005, 1007 (Utah 1982). Ex parte communication to a sentencing judge may increase the possibility of inaccurate information forming the basis of a sentence which has not been made known to a defendant, and for this reason we have held that the information contained in a presentence report must be disclosed to a defendant. *State v. Anderson,* 632 P.2d 877, 878 (Utah 1981); *State v. Lipsky,* 608 P.2d 1241, 1247 (Utah 1980).

We recognize that probation officers provide a valuable resource to judges. When preparing a presentence report, a probation officer performs an executive-type function and acts as an aide to the court. *See State v. Hanson,* 627 P.2d 53, 55 (Utah 1981). We do

not wish to inhibit this helpful interaction or to discourage what is generally accepted as necessary communication between probation officers and the court. Nevertheless, it is important that sentencing courts have the most accurate and reliable information possible for sentencing and that a defendant's right to effective assistance of counsel be protected by providing counsel and the defendant the opportunity to correct errors.

Several jurisdictions considering constitutional challenges to ex parte communication between a probation officer and a sentencing judge have held that such conferences do not offend due process. *See United States v. Gonzales,* 765 F.2d 1393, 1398 (9th Cir.1985) (when probation officer is "preparing presentence report he is acting as arm of the court and this permits ex parte communication"); *United States v. Houston,* 745 F.2d 333, 334 (5th Cir.1984) ("It is not improper for the court to hold presentence conferences with the probation staff."); *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983) (same); *Tasby v. United States,* 551 F.2d 1139, 1139 (8th Cir.1977) (defendant "possessed no constitutional right to be present at a discussion about sentencing between sentencing judge and probation officer"); *State v. Mincey,* 130 Ariz. 389, 636 P.2d 637, 660 (1981) (" '[T]here is no due process requirement that every conversation between the probation officer and the sentencing judge be open to the defendant.' ") (quoting *State v. Martinez,* 121 Ariz. 62, 588 P.2d 355, 359 (Ct.App.1978)); *see also People v. Smith,* 423 Mich. 427, 378 N.W.2d 384, 399–401 (1985) (Boyle, J., concurring in part and dissenting in part, plurality) (communications between judges and probation officers not "ex parte" because probation officers not adverse party but "arm of court" and thus no constitutional right to counsel attaches to such communications).

■■■ We agree that an ex parte communication between a probation officer and a sentencing judge, of itself, does not constitute a constitutional violation. However, we do not follow exactly the analysis in these cases. When a defendant establishes that the sentencing judge based his sentence upon inaccurate or unreliable information received during an ex parte communication with a probation officer that was not disclosed to the defendant, resentencing may be necessary.[2] Where, as in this case, all of the information upon which the sentencing judge relied is disclosed to a defendant in the presentence report and at the sentencing hearings, and the defendant is given an opportunity to challenge the accuracy of that information, the defendant's right to effective counsel is not violated.

Finally, defendant argues that the ex parte communication between the court and the probation officer materially affected the sentence defendant received. In support, defendant contends that it was not until after the court communicated with the probation officer that the court decided to follow the presentence report recommendation of a prison sentence rather than the negotiated recommendation of no prison. Defendant's argument is without merit. The record shows that the court considered the health and physical condition of defendant in three separate hearings and had a Department of Corrections evaluation performed to determine whether the prison could accommodate defendant's special circumstances. The court was not bound by the negotiated recommendation of the parties and could exercise its discretion in fixing an appropriate sentence. No abuse of the court's discretion has been shown.

Affirmed.

ZIMMERMAN, C.J., and HOWE, DURHAM and RUSSON, JJ., concur.

---

2. We note, however, that in the rare case where disclosure of information would jeopardize the life or safety of third parties, disclosure is not required and a defendant would not be entitled to resentencing if a sentencing judge relied upon such nondisclosed information. *State v. Casarez,* 656 P.2d 1005, 1008 (Utah 1982).