2000 Utah Ct. App. 273

STATE of Utah, Plaintiff and Appellee,

v.

Lance Michael WEEKS, Defendant and Appellant.

No. 990979–CA.

Court of Appeals of Utah.

Oct. 5, 2000.

Linda M. Jones and Scott C. Williams, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Attorney General, and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before GREENWOOD, P.J., and BILLINGS and DAVIS, JJ.

## OPINION

DAVIS, Judge:

¶1 Appellant Lance Michael Weeks appeals the trial court's denial of his post-judgment Motion For Review Hearing in which he requested a restitution hearing. We affirm.

## I. BACKGROUND

¶2 Defendant pleaded guilty on July 6, 1999 to seven charges arising out of several incidents including high speed chases from the police, stealing cars, and possessing methamphetamine. As part of a plea bargain, the State dismissed several counts and defendant agreed to plead guilty to lesser charges. No promise was made as to defendant's prison time, but the State made clear that it would request consecutive terms. No mention was made of restitution during the plea colloquy.

¶3 On September 10, 1999, defendant was sentenced to zero-to-five-years for each offense to be served concurrently. The judge "further order[ed] that [defendant] pay restitution in the amount of $9,104.35, [and] that [defendant] pay a recoupment fee for the use of [defendant's] publicly provided lawyer of $250 ...." It is clear that defendant read the presentence report which set out the amount of damages caused by him; however, none of the parties, including defendant, discussed or objected to the restitution order during sentencing.

¶4 Eleven days after sentencing, defendant filed a Motion For Review Hearing in which he requested that the court schedule "a Restitution [sic] hearing on the grounds that defendant objects to the amount of restitution claimed by the State." On October 18, 1999, the review hearing (which the court called a "hearing incident to the defense motion for review to determine appropriate restitution") was held. At that hearing, defendant's counsel stated that "there are amounts that were being requested that weren't supported by evidence in terms of damage, and that supposedly there was some victim reparation amount that ... [wasn't] legally applicable." The defense attorney continued "I don't see those in the presentence report. I don't know if your Honor had an amount that you came up with at sentencing because my files don't reflect the restitution." The court replied by referencing amounts listed in the presentence report.[1] The defense attorney requested further documentation as to the factual basis and support for those amounts.

¶5 The court then stated:

Given the circumstances, the time of the sentencing, the persuasive burden is upon the State to establish, I believe, by preponderance of the evidence to myself, the fact finder, that the sums sought for restitution are fair and reasonable. Given what I have reviewed, that being the presentence report,[2] as well as the orders in the matter, as well as now having heard arguments of counsel, I was persuaded and now [am] persuaded that preponderance of the evidence burden has been met, that the number I have ordered as restitution is fair and reasonable. Consequently the motion to modify the—I will characterize it as a motion to modify the order of restitution is denied.

---

1. The presentence report listed under "restitution" the specific amounts of damage and stated that the source of information was the prosecutor's records, the three victims, and Liberty Mutual Insurance.

2. The presentence report also lists defendant's prior employment, the last being a $5.50/hour job which ended in June 1997. As for his financial situation, the report states that defendant has been incarcerated "[a]nd therefore, has no income and no expenses ... he has no debts and no assets, either."

The order denying defendant's motion was entered on October 28, 1999, and defendant appeals.

## II. ANALYSIS

¶ 6 Defendant makes three arguments: (1) he was entitled to a full restitution hearing; (2) the trial court failed to make adequate findings pursuant to the statutory factors when it ordered restitution; and (3) there was plain error in the manner in which restitution was ordered.

¶ 7 An appellate court will not disturb a trial court's restitution order "unless it exceeds that prescribed by law or otherwise abused its discretion." *State v. Schweitzer*, 943 P.2d 649, 653 (Utah Ct.App.1997). It is within the discretion of the trial court to impose sentence, which may include a fine, restitution, probation or imprisonment. *See* Utah Code Ann. § 76–3–201(2) & (4) (1999); *State v. Snyder*, 747 P.2d 417, 420 (Utah 1987). "However, upon conviction of a crime which has resulted in pecuniary damages, in addition to any other sentence imposed, the trial court is statutorily mandated to order the payment of restitution unless the court finds that restitution is inappropriate." *Snyder*, 747 P.2d at 420; *see also* Utah Code Ann. § 76–3–201(4) (1999).

¶ 8 Under both the United States and the Utah State Constitutions, due process requires criminal proceedings including sentencing to be based upon accurate and reasonably reliable information. *See State v. Gomez*, 887 P.2d 853, 854 (Utah 1994). Thus, "[f]undamental principles of procedural fairness in sentencing require that a defendant have the right to examine and challenge the accuracy and reliability of the factual information upon which his sentence is based." *Id.* at 855. However, procedural fairness in sentencing is satisfied when "[d]efendant had a full opportunity ... to examine and challenge all factual information upon which the court based his sentence." *Id.*

¶ 9 It is proper for the trial court to impose restitution at sentencing unless defendant objects to its imposition and requests a full hearing on the amount at that time. *See* Utah Code Ann. § 76–3–201(4)(e) (1999); *State v. Stayer*, 706 P.2d 611, 612 (Utah 1985) (per curiam). In this regard, Utah Code Ann. § 76–3–201(4)(e) (1999) states: "If the defendant objects to the imposition, amount, or distribution of the restitution, the court shall *at the time of sentencing* allow the defendant a full hearing on the issue." *Id.* (emphasis added). Thus, the statute is clear—any request for a full restitution hearing must be made at or before sentencing. *Cf. Monson v. Carver*, 928 P.2d 1017, 1029 (Utah 1996) (holding no restitution hearing is mandated when defendant did not object to order of restitution or request a hearing.); *State v. Haga*, 954 P.2d 1284, 1289 (Utah Ct.App.1998) (holding defendant entitled to full restitution hearing where he requested it at sentencing).

¶ 10 Defendant did not object, question, or even mention restitution at sentencing. It is clear from the record that defendant *closely read* the presentence report which contained the recommended restitution amount, which is the exact amount that the judge adopted when ordering restitution. Thus, prior to sentencing, defendant was well aware of the recommended restitution amount. Nothing in the record suggests that he lacked the opportunity to object or request a hearing before, during, or after the court imposed that amount.[3] Thus, because defendant did not request a full restitution hearing at or before sentencing and had no good cause not to make the request, he waived his entitlement to a restitution hearing. *See* Utah R.Crim. P. 12(d).[4]

¶ 11 Defendant argues that the trial court, in effect, waived his waiver because he asserts the hearing on his motion after sentencing amounted to a restitution hearing.

---

3. Defendant was not deprived of the opportunity to cross examine witnesses or have a restitution hearing; instead, he waived that opportunity.

4. The dissent suggests that timely objection to proposed restitution and a request for a full

hearing thereon is not as significant as timeliness in other areas, thereby leaving the time within which a restitution hearing could be requested apparently open-ended.

In support of his position defendant cites to the following cases: *State v. Seale*, 853 P.2d 862, 870 (Utah 1993) (concluding when issue raised in motion for new trial for first time, and court addressed issue on merits in denying motion and considered alleged error rather than finding it waived, defendant's right to assert issue on appeal was resuscitated); *State v. Belgard*, 830 P.2d 264, 266 (Utah 1992) (holding when defendant waived objection to introduction of evidence but evidentiary hearing granted and judge considered claim, defendant's waiver was effectively waived by judge); *State v. Johnson*, 821 P.2d 1150, 1161 (Utah 1991) (concluding when trial court addressed issue fully and did not rely on waiver, issue will be considered on appeal); *State v. Matsamas*, 808 P.2d 1048, 1053 (Utah 1991) (same); *State v. Dominguez*, 1999 UT App 343, ¶ 5, 992 P.2d 995 (holding defendant may appeal order stemming from *full* restitution hearing, even though motion for hearing filed ten days after sentencing); *State v. Parker*, 872 P.2d 1041, 1044 (Utah Ct.App.1994) (holding "trial court acted on the merits of motion and thus de facto considered it timely").

¶ 12 However, these cases are all distinguishable from this case. In this case, "[t]he trial court did not take evidence or hold an evidentiary hearing on the issue, but instead simply denied the Motion to Alter or Amend," and, thereby, did not waive defendant's earlier waiver of the hearing. *Estate of Covington v. Josephson*, 888 P.2d 675, 678 n. 5 (Utah Ct.App.1994). Here, notwithstanding the trial court's mischaracterization of the hearing in its order, the court did not hold an evidentiary hearing on the restitution amount, or reconsider the restitution amount. Instead, the court merely clarified that the restitution amount ordered was based upon the presentence report. No further inquiry into the restitution amount was made, *no evidence was taken*, and the court did not address the issue on the merits.[5] Thus, because the court did not conduct an evidentiary hearing or even reconsider the restitution amount on the merits, there was no resuscitation of defendant's earlier waiver.[6]

¶ 13 Defendant next argues that the trial court did not make the appropriate findings when ordering restitution. As for findings concerning restitution, Utah Code Ann. § 76–3–201(8)(b) (1999) states: "In determining the monetary sum and other conditions for complete restitution, the court shall consider all relevant facts, including: (i) the cost of the damage or loss if the offense resulted in damage to or loss or destruction of property of a victim of the offense." In addition, the court shall consider the financial resources of the defendant, his ability to pay restitution, and the means by which he can pay. *See id.* § 76–3–201(8)(c).

¶ 14 However, defendant never challenged the restitution award, or the basis of the award during sentencing, and he did not allege unusual circumstances justifying his failure to do so. "If the trial court, as defendant alleges, erroneously failed to consider defendant's paltry financial resources before ordering [restitution], defendant should have immediately brought that error to the attention of the sentencing judge. If defendant was denied relief *at that time*, he could have taken direct appeal." *James v. Galetka*, 965 P.2d 567, 574 (Utah Ct.App.1998) (emphasis added), *cert. denied sub. nom., James v. Warden*, 982 P.2d 88 (Utah 1999). In addition, "there is ample record evidence, from which the trial court could have found that restitution was proper." *State v. Stayer*, 706 P.2d 611, 614 (Utah 1985) (per curiam).

¶ 15 Defendant's final argument is that it was plain error for the trial court to fail to consider the statutory factors when restitution was ordered. Because the trial court was given the opportunity to correct the

---

5. As in *Covington*, argument in support of defendant's motion necessarily addressing the merits thereof, should not be confused with an evidentiary hearing. *See Estate of Covington v. Josephson*, 888 P.2d 675, 678 n. 5 (Utah Ct.App.1994).

6. The fact that the court did not specifically rely on waiver as the basis for denial of defendant's

motion is of no consequence because we may affirm the trial court's ruling "if it is sustainable on any legal ground ... even [if different] from that stated by the trial court." *Limb v. Federated Milk Producers Ass'n*, 23 Utah 2d 222, 461 P.2d 290, 293 n. 2 (1969).

alleged error in the context of defendant's motion, we will address the issue on appeal.

■ ¶ 16 There was no reversible error here. Utah Code Ann. § 76–3–201(8)(b) (1999) does not require findings on the record concerning each of the factors. Unlike statutes that require findings on the record, section 76–3–201(8)(b) merely lists the factors which must be considered, and contains no such requirement. Instead, Utah Code Ann. § 76–3–201(4)(d)(i) (1999) states: "If the court determines that restitution is appropriate or inappropriate under this subsection, the court shall make the reasons for the decision a part of the court record." Here, the trial court stated on the record that restitution was appropriate based on defendant's criminal acts and his criminal history.

■ ¶ 17 Furthermore, the trial court relied on defendant's presentence report in determining restitution. As in *State v. Robertson*, 932 P.2d 1219 (Utah 1997), "[p]rior to the imposition of restitution costs at the sentencing hearing, the trial court considered the information set forth in the presentence report." *Id.* at 1234; *see also State v. Gomez*, 887 P.2d 853, 855 (Utah 1994) ("A copy of the presentence investigation report was provided to defendant prior to [sentencing]. Defendant had the opportunity to examine the report and challenge its contents and recommendations."). In *Robertson*, the supreme court also considered that the trial court "declined to impose any fine." *Robertson*, 932 P.2d at 1234. The *Robertson* court stated, "[a]lthough the court did not make findings relating to [defendant's] financial condition part of the record, we can reasonably assume that the court actually made such findings." *Id.* at 1235.[7] Here, the presentence report was a part of the record and at the hearing on defendant's waiver, the trial court stated that it relied on the report to determine the amount of restitution. Fi-

nally, the trial court did not impose a fine; therefore, based on the record, "we can reasonably assume that the court made such findings." *Id.*[8]

## CONCLUSION

¶ 18 By not objecting to the restitution amount and requesting a hearing thereon at or prior to sentencing, defendant waived his right to a full restitution hearing, and the trial court properly denied his motion. Furthermore, in accordance with the effect of *Robertson*, the record allows us to assume the court made appropriate findings relative to defendant's financial condition.

¶ 19 I CONCUR: PAMELA T. GREENWOOD, Presiding Judge.

BILLINGS, Judge (dissenting):

¶ 20 I respectfully dissent from the majority opinion.

¶ 21 First, I disagree that Utah Code Ann. § 76–3–201(4) requires a defendant to raise an objection at the sentencing hearing. "The purpose of requiring a properly presented objection is to 'put[ ] the judge on notice of the asserted error and allow[ ] the opportunity for correction at that time in the course of the proceeding.'" *State v. Brown*, 856 P.2d 358, 359 (Utah Ct.App.1993) (alteration in original) (quoting *Broberg v. Hess*, 782 P.2d 198, 201 (Utah Ct.App.1989)). This policy is a general corollary of our refusal to entertain an issue for the first time on appeal. The timeliness requirement of this doctrine prevents undue delay in litigation. Accordingly, objection to hearsay evidence, for example, must be made at the time the evidence is proffered; otherwise, the objection is waived.

¶ 22 The policy behind the timeliness requirement is less significant when, as here, an objection necessitates a separate eviden-

---

7. The *Robertson* court so held, notwithstanding language therein, apparently confusing the mandate of Utah Code Ann. § 76–3–201(4)(d)(i) (1997) with the provisions of Utah Code Ann. § 76–3–201(8)(b) (1997).

8. Even if we were to conclude error existed, the remedy would not be a restitution hearing as defendant suggests. When a record has not been

made concerning the reason for the amount of restitution, the appropriate remedy "is not to vacate the order of restitution" but to order the trial court to comply with the statute by giving "an explanation of its decision which demonstrates that it has taken into account the appropriate statutory factors." *Monson v. Carver*, 928 P.2d 1017, 1028 (Utah 1996).

tiary hearing.[1]  Inasmuch as no objection could be raised until *after* imposition of restitution, I see no practical difference between an objection raised at the sentencing hearing and an objection raised eleven days later—well before the time for direct appeal has run.

¶ 23 I read the statute not as emphasizing judicial economy but as emphasizing due process concerns.[2]  This is of particular concern in this case.  Restitution was ordered on the basis of damage amounts found in Defendant's presentence investigation report.[3]  Restitution was thus based on undocumented double hearsay proffered by the victims, and Defendant was deprived of the opportunity to cross examine the victims as to either the identity or valuation of the items stolen or the reasonableness of the repair costs.

¶ 24 Even if section 76–3–201(4)(e) requires that an objection be raised at sentencing, I would hold that the trial court waived any objection to the timeliness of Defendant's motion.  The record reveals the following sequence of events.  The trial court sentenced and imposed restitution on Defendant on September 10, 1999.  On September 21, 1999, eleven days later, Defendant filed in the District Court the following "Motion for Review Hearing":

> COMES NOW the Defendant, LANCER MICHEL WEEKS [sic], by and through his counsel of record, MATTHEW G. NIELSEN, hereby requests pursuant to Utah Code Ann. § 76–3–201(4)(e) (1998), this Court to schedule a Restitution hearing on the grounds that defendant objects to the amount of restitution claimed by the State.

On September 30, 1999, the trial court issued a "Notice of Restitution Hearing," and that hearing was held on October 18, 1999.  At the hearing, Defendant argued that amounts ordered for restitution lacked evidentiary support and requested documentation for the damages and a hearing.  The State argued that the amounts were reflected in the presentence investigation report and that the amounts, though estimates, were reasonable.  The trial court ruled from the bench:

> Given the circumstances, the time of the sentencing, the persuasive burden is upon the State to establish, I believe, by preponderance of the evidence to myself, the fact finder, that the sums sought for restitution are fair and reasonable.
>
> Given what I have reviewed, that being the presentence report, as well as the orders in the matter, as well as now having heard arguments of counsel, I was persuaded and [am] now persuaded that preponderance of the evidence burden has been met, that the numbers I have ordered as restitution is fair and reasonable.  Consequently the motion to modify the—I will characterize it as a motion to modify the order of restitution is denied.

On October 28, 1999, the court entered an "Order Re:  Restitution Hearing," which states:

> The Court *having heard evidence* and arguments of counsel, and being otherwise fully advised in the premises hereby finds by a preponderance of the evidence that the original order in the Judgment and Commitment in this case is the proper amount to be ordered as restitution and hereby affirms that order and denies defendant's motion.

(Emphasis added.)

¶ 25 I believe the foregoing establishes the trial court did not rely on waiver but instead

---

1.  The State concedes that, had Defendant presented his objection requesting an evidentiary hearing at his original sentencing hearing, the restitution hearing could not have taken place immediately because witnesses would have to have been subpoenaed, evidence gathered, and arguments prepared.

2.  Indeed, if the court thinks the statute is concerned primarily with the timing of an objection, it should require that the objection be lodged a reasonable time *before* the sentencing hearing so that the trial court may "*at the time of sentencing* allow the defendant a full hearing on the [restitution] issue."  Utah Code Ann. § 76–3–201(4)(e) (1999) (emphasis added).  This is clearly not what the statute requires.

3.  One victim was awarded restitution of $500 for unspecified personal property stolen from a victim's car.  Another victim was awarded restitution of $1500 for a stolen radio, damage to the radio wiring, unspecified stolen personal property, and scratches and dents to the car, although repairs had not been effected and the amounts were estimated by the victim.

addressed the merits of Defendant's motion objecting to the amount of restitution: Defendant requested a "review hearing"; the court scheduled a "restitution hearing"; the parties argued the validity of the evidentiary basis of the restitution award; and the court ruled. Defendant argues on appeal that the court erred by reconsidering the order of restitution without giving Defendant the required evidentiary hearing providing an opportunity to present evidence and cross examine witnesses. *See* Utah Code Ann. § 76-3-201(4)(e) (1999).[4] Because the trial court did not provide Defendant an evidentiary hearing, I would vacate the restitution order and remand for an evidentiary hearing on the amount of restitution.

¶ 26 I also disagree with the majority's conclusion that we need not remand for findings related to Defendant's ability to pay the restitution assessed. *See id.* The majority cites this court's opinion in *James v. Galetka*, 965 P.2d 567, 574 (Utah Ct.App.1998), for the proposition that remand is not required. *Galetka* is clearly distinguishable in that it involved a petition for writ of habeas corpus filed three years after the defendant's conviction, *see id.* at 569, and the defendant neither challenged the restitution during sentencing nor appealed it. *See id.* at 574. *Galetka* was decided under the well-established rule that courts will not consider an issue on a petition for writ of habeas corpus that could have been addressed at trial or on direct appeal. *See id.* (citing *Codianna v. Morris*, 660 P.2d 1101, 1104 (Utah 1983)). Dicta in *Galetka* concerning the timing requirement of an objection to restitution is neither binding nor, in my opinion, persuasive.

¶ 27 Additionally, the majority quotes selectively from *State v. Stayer*, 706 P.2d 611 (Utah 1985), for the proposition that we may assume the trial court considered all appropriate factors if evidence in the record supports the trial court's conclusion. However, the full quote from *Stayer* reads:

In the case before us, there is ample record evidence, from which the trial court

could have found that restitution was proper. Notwithstanding the mandate of the statute that the trial court's reasons be included as part of its order, we believe that the failure to do so in this case was harmless error. *Nonetheless, we draw attention to this requirement for future guidance of the sentencing courts.*

*Id.* at 614 (emphasis added).

¶ 28 Subsequent cases from our supreme court make clear that record findings under section 76-3-201 are mandatory so that we may no longer assume that the trial court considered the enumerated factors. *See State v. Robertson*, 932 P.2d 1219, 1234 (Utah 1997) (holding section 76-3-201 is exception to general rule that appellate courts "uphold[ ] the trial court even if it failed to make findings on the record whenever it would be reasonable to assume that the court actually made such findings"); *Monson v. Carver*, 928 P.2d 1017, 1028-29 (Utah 1996) (remanding for explanation of statutory factors in restitution order *although defendant did not object to order* ).

¶ 29 Accordingly, although the trial court discussed some of the statutory factors on the record, the court did not explain on the record its evaluation of Defendant's ability to pay. Under *Robertson* and *Monson*, we cannot assume, as the majority does, that the trial court considered factors it did not discuss on the record.

¶ 30 Finally, I wish to clarify potentially confusing dicta in footnote three of the majority opinion. That section of the majority opinion purports to address whether the trial court committed plain error by not granting an evidentiary hearing. Defendant's actual argument, and the issue the majority actually addresses, is whether the trial court committed plain error by not considering the statutorily mandated factors when evaluating restitution. Although I agree that remand for an evidentiary hearing for the latter would not be required, *see Monson*, 928 P.2d at 1028 (Utah 1996),[5] remand for an evidentiary

4.  Section 76-3-201(4)(e) provides: "If the Defendant objects to the imposition, amount, or distribution of the restitution, the court shall at

the time of sentencing allow the defendant a full hearing on the issue."

5.  The *Monson* court remanded the matter to the Board of Pardons and Parole with instructions

hearing is clearly the remedy if the error was in failing to hold a requested evidentiary hearing. *See State v. Haga*, 954 P.2d 1284, 1289 (Utah Ct.App.1998).

¶ 31 For the foregoing reasons, I dissent from the majority opinion.

---

"to comply with the [restitution] statute by giving [defendant] an explanation of its decision which demonstrates that it has taken into account the appropriate statutory factors." *Monson*, 928 P.2d at 1028. The court did not remand for an evidentiary hearing because it held that Monson had not requested a hearing from the board, but only made that request in a subsequent habeas corpus petition to the district court. *See id*. at 1029.